# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| LUCILLE R. FUGERE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:12-4102-DGK-SSA |
| CAROLYN W. COLVIN,[1] Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

## ORDER AFFIRMING COMMISSIONER'S DECISION

Plaintiff Lucille R. Fugere ("Fugere") seeks judicial review of the Commissioner of Social Security's ("the Commissioner") denial of her application for supplemental security income ("SSI") benefits based on disability under Title XVI of the Act, 42 U.S.C. §§ 1381 *et. seq*. After careful review, the Court holds the Administrative Law Judge's ("ALJ") decision is supported by substantial evidence on the record as a whole, and the Commissioner's decision is AFFIRMED.

## Background

The medical record is summarized in the parties' briefs and is repeated here only to the extent necessary.

Plaintiff filed her current application for SSI benefits on January 31, 2007, alleging disability based on bipolar disorder, bulimia, and depression, and a disability onset date of June 1, 2005. The Commissioner denied her application at the initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a video hearing and on August 27, 2010 issued his decision holding Plaintiff was not disabled as defined in the Act. The Appeals Council denied

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Federal Rule of Civil Procedure 25(d), she is substituted for Michael J. Astrue as the defendant.

Plaintiff's request for review on February 22, 2012, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all of her administrative remedies and judicial review is now appropriate under 42 U.S.C. § 1383(c)(3).

**Standard of Review**

A federal court's review of the Commissioner of Social Security's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). The court must "defer heavily" to the Commissioner's findings and conclusions. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The court may reverse the Commissioner's decision only if it falls outside of the available "zone of choice," and a decision is not outside this zone simply because the court might have decided the case differently were it the initial finder of fact. *Buckner*, 646 F.3d at 556.

**Analysis**

In determining whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of not less than 12 months, 42 U.S.C. § 423(d), the Commissioner follows a five-step sequential evaluation process.[2] In this case, the ALJ found

---

[2] The five-step process is as follows: First, the Commissioner determines if the applicant is currently engaged in substantial gainful activity. If so, he is not disabled; if not, the inquiry continues. At step two the Commissioner determines if the applicant has a "severe medically determinable physical or mental impairment" or a combination of impairments. If so, and they meet the durational requirement of having lasted or being expected to last for a

2

that while Plaintiff suffered from an affective mood disorder, anxiety, and obesity, she was not disabled because she retained the residual functional capacity ("RFC") to perform light work with some restrictions. Plaintiff contends the ALJ erred by (1) not giving greater weight to the opinion of one of her treating physicians, Dr. Robert H. Koch, and (2) not re-contacting her treating physicians to clarify whether their opinions conflicted. Plaintiff also argues (3) that the ALJ's RFC determination is not supported by substantial evidence on the record as a whole.

These arguments are without merit.

**A.     The ALJ did not err in giving Dr. Koch's opinion limited weight.**

Plaintiff first argues that the ALJ did not appropriately weigh Dr. Koch's opinion. Plaintiff contends the ALJ should have given more weight to a letter Dr. Koch submitted on her behalf in which he concluded that it would be "difficult for her to work at full-time employment at this time." R. at 443. In the letter, Dr. Koch opined that Plaintiff "has a hard time dealing with stress," and "[w]hen this occurs it is difficult for her to make quick decisions." R. at 443. Dr. Koch also relayed Plaintiff's complaint that she "has a lot of anxiety when interacting with other people especially outside of a social, casual environment." R. at 443.

To begin, the Court notes the ALJ *did* give great weight to Dr. Koch's opinion, particularly in formulating Plaintiff's RFC. Relying on Dr. Koch's opinion, the ALJ limited Plaintiff to low-stress, simple, routine, and repetitive work that did not involve more than

---

continuous 12-month period, the inquiry continues; if not, the applicant is considered not disabled. At step three the Commissioner considers whether the impairment is one of specific listing of impairments in Appendix 1 of 20 C.F.R. § 404.1520. If so, the applicant is considered disabled; if not, the inquiry continues. At step four the Commissioner considers if the applicant's residual functional capacity ("RFC") allows the applicant to perform past relevant work. If so, the applicant is not disabled; if not, the inquiry continues. At step five the Commissioner considers whether, in light of the applicant's age, education and work experience, the applicant can perform any other kind of work. 20 C.F.R. § 404.1520(a)(4)(i)-(v); *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). Through step four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches step five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King*, 564 F.3d at 979 n.2.

occasional decision-making or change. R. at 12. He also limited Plaintiff to occasional contact with the general public. R. at 12.

The ALJ did not, however, follow Dr. Koch's opinion to the extent it embraced the ultimate issue of Plaintiff's ability to work. The ALJ did not err in rejecting this portion of Dr. Koch's opinion because whether the Plaintiff can work is an issue reserved for the Commissioner. *House v. Astrue*, 500 F.3d 741, 745 (8th Cir. 2007) ("A treating physician's opinion that a claimant is disabled or cannot be gainfully employed gets no deference because it invades the province of the Commissioner to make the ultimate disability determination.").

The ALJ also did not err in giving no weight to a conclusory three sentence letter Dr. Koch subsequently sent to Plaintiff's counsel "clarifying" that due to anxiety and depression "it is likely that [Plaintiff] would miss two days or more a month of work." R. at 444. A treating physician's opinion is entitled to weight only to the extent it is supported by the record. *Davidson v. Astrue*, 501 F.3d 987, 991 (8th Cir. 2007) (noting "an appropriate finding of inconsistency with other evidence alone is sufficient to discount a treating physician's RFC"). Neither Dr. Koch's treatment notes or anything else in the record suggests that Plaintiff's mental impairments would cause her to miss two or more days of work a month. Consequently, the ALJ did not err in discounting this portion of Dr. Koch's opinion. *See Gates v. Astrue*, 627 F.3d 1080, 1082 (8th Cir. 2010) (holding the ALJ properly discounted a treating physician's opinion that was not supporting by any documented signs, symptoms, or findings).

**B.     The ALJ did not err by not re-contacting Plaintiff's treating physicians.**

Plaintiff also argues that the ALJ should have contacted Plaintiff's treating physicians after finding Dr. Koch's notes and opinions were of no value. Plaintiff contends that given the

4

extensive treatment history in the case, the ALJ was required to clarify Dr. Koch's opinion or acquire additional medical evidence.

As a threshold matter, the Court notes the ALJ did not find Dr. Koch's opinion had no value: He gave great weight to Dr. Koch's opinion in determining Plaintiff's mental RFC, but he did not share Dr. Koch's opinion that Plaintiff was disabled as defined by the regulations. Furthermore, under the circumstances, the ALJ was not required to contact Dr. Koch or the other treating physicians. "An ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision." *Naber v. Shalala*, 22 F.3d 186, 189 (8th Cir. 1994). Here, as discussed below, the medical evidence supported the ALJ's determination that Plaintiff's mental impairments limited her ability to work but did not preclude her from working, thus there was no need for the ALJ to obtain additional medical evidence before issuing a ruling.

**C.     The ALJ's RFC finding is based upon substantial evidence.**

Finally, there is no merit to Plaintiff's claim that the ALJ's RFC determination is not supported by substantial evidence because Dr. Koch believed her mental impairments were more severe than those found by the ALJ.

A claimant's RFC is the most she can do despite the combined effect of her credible limitations. 20 C.F.R. § 416.945. The claimant bears the burden of proving her RFC, and the ALJ determines her RFC based on all relevant evidence in the record. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). Here the ALJ found Plaintiff could engage in light work, but her mental impairments limited her to performing low stress work involving simple, routine, and repetitive tasks which required only occasional contact with the general public. R. at 12. The ALJ found Plaintiff "certainly" had some mental functional limitations, but the ALJ did not

5

credit Plaintiff's testimony as to the extent of her functional limitations. R. at 12-15. In accordance with 20 C.F.R. § 416.929 and *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1983), the ALJ gave good reasons for not fully crediting Plaintiff's testimony, including: her minimal treatment history for her allegedly disabling mental impairments; her sparse earnings record; an unexplained two year gap in her employment history preceding her alleged onset of disability, and inconsistencies between her complaints and her activities of daily living. R. at 12-15. Because the ALJ gave good reasons for not fully crediting Plaintiff's subjective complaints, and these reasons are supported by the record, the Court will not set aside his decision. *Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1996).

The fact that Dr. Koch believed Plaintiff's mental limitations were more severe than the ALJ determined does not mean this case should be reversed or remanded. A treating physician's opinion is entitled to substantial weight, but "such an opinion does not automatically control in the face of other credible evidence on the record that detracts from that opinion." *Brown v. Astrue*, 611 F.3d 941, 951 (8th Cir. 2010) (internal quotation omitted). The regulations do not require that an RFC finding be directly based on the medical opinion of a treating physician. *See Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012).

It is the ALJ's responsibility to weigh the medical opinions of record and resolve any conflicts. 20 C.F.R. § 416.927; *Wagner v. Astrue*, 499 F.3d 842, 848-50 (8th Cir. 2007). The ALJ appropriately did so here. Before making his RFC determination, the ALJ discussed and weighed the conflicting opinions of Dr. Koch, Dr. Mona Brownfield, M.D., Dr. Saleh Parvez, M.D., Dr. Kevin Komes, M.D., Dr. James Spence, Ph.D., and others. R. at 13-15. With respect to Plaintiff's mental impairments, after discounting Dr. Koch's opinion concerning the extent of these impairments, the ALJ gave "great weight" to Dr. Spence's opinion that Plaintiff had an

affective disorder which only moderately limited her ability to work. R. at 14. The ALJ explained he found Dr. Spence's opinion persuasive because it was consistent with Plaintiff's activities of daily living and her minimal treatment history. R. at 14-15. He noted Plaintiff lived with and cared for her seven-year-old son, socialized with others, attended church, and got along with authority figures. R. at 14. He also noted Plaintiff has never been treated on an in-patient basis and two doctors, Drs. Rosenstein and Brownfield, did not prescribe medication for her psychological problems.[3] R. at 14-15. Because these observations are supported by the record, the Court cannot find the ALJ erred in weighing the various medical opinions and formulating Plaintiff's RFC.

## Conclusion

For the reasons discussed above, the Court finds the Commissioner's determination is supported by substantial evidence on the record. Accordingly, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:   August 14, 2013                    /s/ Greg Kays
                                                                               GREG KAYS, JUDGE
                                                                               UNITED STATES DISTRICT COURT

---

[3] Dr. Brownfield did prescribe Ambien in January of 2008 for insomnia.